IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELBERT JAMES, Individually and For Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 4:20-cv-00669 |
| ENVIRONMENTAL RESOURCES MANAGEMENT SOUTHWEST, INC. | § § § § | |
| Defendant. | § § § | |

**ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT**

Defendant Environment Resources Management Southwest, Inc. ("ERM"), files its Answer to Plaintiffs Original Collective Action Complaint ("Complaint") and in support thereof respectfully state as follows:

**SUMMARY**

1. ERM admits only that Plaintiff has brought a lawsuit asserting violations of the FLSA. ERM denies that Plaintiff or any putative class members are entitled to relief under the FLSA.

2. ERM admits plaintiff worked for ERM as a Sr. Right of Way Agent.

3. Denied.

4. ERM is unable to admit or deny the allegations in paragraph 4 because it assumes Plaintiff is entitled to overtime.

5. ERM admits only that Plaintiff was paid a daily rate, otherwise denied.

6. Denied.

7. ERM admits only that Plaintiff has asserted claims for unpaid overtime and damages. ERM denies that Plaintiff or any putative class members are entitled to relief under the FLSA.

## JURISDICTION & VENUE

8. Admit.

9. Admit only that Environmental Resources Management Southwest, Inc. is headquartered in this District and Division. ERM denies that venue is proper as to all potential class members.

10. Admit.

11. Admit only that Plaintiff worked in and around Houston, otherwise denied.

12. Denied.

## PARTIES

13. Admit only that Plaintiff worked for ERM as a Sr. Right of Way Agent.

14. Admit only that Plaintiff was paid a day rate, otherwise denied.

15. Admit only that Plaintiff was paid a day rate, otherwise denied.

16. Exhibit 1 speaks for itself and does not require a response.

17. Admit only that Plaintiff purports to bring an FLSA collective action.

18. Admit only that Plaintiff was paid a day rate, otherwise denied.

19. Denied.

20. Denied.

21. Admit.

## FLSA COVERAGE

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit.

27. Admit.

28. This allegation is vague and confusing as it uses the term "Inspectors", denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

### FACTUAL ALLEGATIONS

33. Admit.

34. Denied.

35. Admit only that Plaintiff was paid a day rate, otherwise denied.

36. Denied.

37. Denied.

38. Denied.

39. Admit.

40. Admit only that Plaintiff was paid a day rate.

41. Denied.

42. Denied.

43. ERM is unable to admit or deny the allegations in paragraph 43 because it assumes Plaintiff and the putative class members were entitled to overtime compensation.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Admit only that Plaintiff was paid a day rate, otherwise denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. ERM lack sufficient information to admit or deny the allegations in paragraph 58 because the term "quality standards" is vague and ambiguous.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Admit only that Plaintiff was paid a day rate, otherwise denied.

66. Denied.

## CAUSE OF ACTION
## FLSA VIOLATION

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## COLLECTIVE ACTION ALLEGATIONS

72. Admit Plaintiff purports to bring a collective action under the FLSA.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied, including subparts a through c.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Admit only that any other Sr. Right of Way Agents can be identified through analysis of ERM records.

## RELIEF SOUGHT

100. ERM denies Plaintiff is entitled to the relief sought as asserted.

## AFFIRMATIVE DEFENSES

ERM has not completed its investigation of the facts in this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on ERM's knowledge, information, and belief at this time. ERM specifically reserves the right to modify, amend or supplement any defense contained herein at any time. Without conceding that it bears the burden of proof or persuasion as to any of them, ERM alleges the following as separate affirmative defenses to the individual, representative, and putative class claims to the Complaint.

1. Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class as set forth in the Complaint, fail to state facts sufficient to constitute a cause of action against ERM.

2. Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class as set forth in the Complaint, are barred, or limited, by the applicable statutes of limitations including, but not limited to, 29 U.S.C. § 255(a). ERM pleads all applicable limitations periods, both as bars and limitations to the claims, and requests for relief asserted in the Complaint and as limitations upon the evidence to be admitted or considered in connection with any proceedings in this case.

3. Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class as set forth in the Complaint, are barred, in whole or in part, by statutory defenses, protections, exemptions, exceptions, credits or limitations under the FLSA, and any other application of applicable law.

4. ERM, at all times, acted in good faith and with reasonable grounds for believing that it had not violated the law.

5. Plaintiff's claims, and each of them, brought on behalf of himself and the putative class members of the purported class as set forth in the Complaint, are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, excuse, ratification, acquiescence or unclean hands.

6. ERM has no knowledge of, nor should it have knowledge of any alleged uncompensated work by Plaintiff or putative members of the purported class as set forth in the Complaint, and ERM did not authorize, require, request, suffer, or permit such activity by the Plaintiff or putative members of the purported class as set forth in the Complaint.

7. Any damages that Plaintiff or putative members of the purported class as set forth in the Complaint could recover must be eliminated or reduced by their failure to mitigate damages.

8. Some of Plaintiff's claims may be barred or limited, in whole or in part, by the doctrine of after-acquired evidence.

9. Even if the individuals referenced in the Complaint as "Day Rate ROW Agents" are employees, they are exempt from the FLSA's minimum wage and overtime requirements, including, but not limited to, the executive, administrative, professional, highly-paid employee or other recognized exemptions/exceptions to the FLSA.

10. Plaintiff is precluded from recovering any amount from ERM because ERM has paid the Plaintiff and all putative members of the purported class as set forth in the Complaint all amounts to which they are entitled under the law.

11. The Court lacks subject-matter jurisdiction as to purported class members who performed work for ERM under an independent contractor agreement outside the State of Texas.

12. Venue is improper as to purported class members who performed work for ERM under an independent contractor agreement outside the State of Texas and the venue of this Court.

13. Plaintiff's claim for a trial on their claim for liquidated damages is barred in whole or in part by the Portal-to-Portal Act, 29 U.S.C. § 260 and any other applicable federal and/or state law, because any acts or omissions giving rise to this action were done in good faith with reasonable grounds for believing that the actions or omissions were not a violation of FLSA and any other applicable law.

14. ERM denies that it violated the FLSA, and any other state law, and specifically denies that any alleged violations were intentional, malicious, and done with reckless disregard for Plaintiff's legally protected rights. Any acts or omissions alleged by Plaintiff to give rise to this action were reasonable and not undertaken with intent, malice or reckless disregarding to whether such acts or omissions violated the FLSA and other applicable law.

15. Plaintiff's claims are barred to the extent Plaintiff seeks remedies beyond those provided by the FLSA and any other applicable law.

16. Plaintiff's claims are barred to the extent Plaintiff seeks compensation for activities that are non-compensable under the Portal-to-Portal Act, 29 U.S.C. § 254(a) and any other applicable law.

17. Even crediting the allegations of the Complaint, any insubstantial insignificant periods of uncompensated working time beyond the recorded working hours of Plaintiff, that as a practical administrative matter cannot be recorded precisely for payroll purposes, are *de minimus* and may be properly disregarded for payroll purposes in accordance with 29 C.F.R. § 785.47.

18. Under Section 207(h)(2), the forms of compensation described in 29 U.S.C. § 207(e)(5)-(7) are forms of compensation ERM paid, in whole or in part, to Plaintiff and/or members of the purported class and are creditable toward any amount of overtime compensation owed. This provision plainly contemplates a dollar-to-dollar credit against overtime pay for premium pay awarded in particular days and times and is applicable here. As such, any claim for additional compensation by Plaintiff and/or members of the purported class must be reduced by compensation, including, but not limited to, wages, premium compensation, bonuses, overpayments or any other job-related benefits, already paid to Plaintiff, which is not compensable under the FLSA and any other applicable federal and/or state law.

19. Without assuming the burden of proof, ERM complied with all recordkeeping requirements of the FLSA.

20. Plaintiff's claims are estopped by the submission of their own time records, for which ERM compensated them for all work claimed.

21. Without assuming the burden of proof, Plaintiff and members of the purported classs are not similarly situated. The potential claims of the purported class members reflect variability.

22. All actions taken by ERM with respect to Plaintiff and members of the purported class were supported by legitimate business reasons.

23. To the extent any overtime is due, Plaintiff and members of the purported class would have worked on a fluctuating week payroll method and therefore, half time, as opposed to time-and-a-half would be owed, if anything.

24. The assessment of individual facts and ERM's affirmative defenses predominate Plaintiff's purported class.

25. Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class as set forth in the Complaint, if allowed to be tried upon or with so-called representative evidence, would violate the procedural and substantive Due Process clauses of the state and federal Constitutions.

**WHEREFORE,** having fully answered the Complaint, ERM requests the following from the Court:

 a. That the Complaint be dismissed with prejudice;

 b. That the Court refuse to certify this case as a collective action;

 c. That Plaintiff recovers nothing of ERM;

 d. That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff; and

 e. For such other and further legal or equitable relief as the Court deems just and proper.

DATED: March 24, 2020.

Respectfully Submitted,

*/s/ Robert K. Radcliff*
ROBERT K. RADCLIFF
Texas State Bar No. 24011170
SCOTT MCFADIN
Texas State Bar No. 24098074
**WEINSTEIN RADCLIFF PIPKIN LLP**
8350 N. Central Expressway, Suite 1550
Dallas, Texas 75206
Telephone:    469.629.5300
Facsimile:    214.865.6140
Email:        rradcliff@weinrad.com
              smcfadin@weinrad.com

**ATTORNEYS FOR ENVIRONMENTAL RESOURCES MANAGEMENT SOUTHWEST, INC.**

## CERTIFICATE OF SERVICE

I certify that on March 24, 2020, a true and correct copy of the foregoing document was served on all parties of record listed below in the manner of service indicated, in accordance with the Federal Rules of Civil Procedure

| | |
|---|---|
| Michael A. Josephson<br>Andrew W. Dunlap<br>Taylor A. Jones<br>**Josephson Dunlap**<br>11 Greenway Plaza, Suite 3050<br>Houston, Texas 77046<br><br>Richard J. (Rex) Burch<br>Bruckner Burch PLLC<br>8 Greenway Plaza, Suite 1500<br>Houston, Texas 77046<br><br>**Attorneys for Plaintiff** | _____ Via U.S. Mail<br>_____ Via CMRRR<br>_____ Via Facsimile<br>_____ Via Email<br>_____ Via Federal Express<br>_____ Via Hand Delivery<br>☒ Via ECF |

*/s/ Robert K. Radcliff*
Robert K. Radcliff